## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NC LOCAL, INC.,
PO Box 10088
Wilmington, NC 28404

          Plaintiff,

    v.

U.S. DEPARTMENT OF HOMELAND
SECURITY,
Office of the General Counsel
2707 Martin Luther King Jr. Avenue SE
Mailstop 0485
Washington, D.C. 20528

          and

U.S. CUSTOMS AND BORDER
PROTECTION,
Office of Chief Counsel
1300 Pennsylvania Avenue, Suite 4.4-B
Washington, D.C. 20229

          Defendants.

Civil Action No. 26-2028

COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF

## COMPLAINT

1. Plaintiff NC Local, Inc., a North Carolina nonprofit corporation, brings this action against U.S. Department of Homeland Security ("DHS") and its component agency, U.S. Customs and Border Protection ("CBP"), (collectively, "Defendants") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, seeking declaratory, injunctive, and other appropriate relief to compel compliance with the requirements of FOIA.

2. FOIA exists to "ensure an informed citizenry, vital to the functioning of democratic society …." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). By

1

requiring agencies to provide documents and information to citizens, it helps "hold the governors accountable to the governed." *Id.* In short, FOIA is a citizen's tool "to open agency action to the light of public scrutiny." *U.S. Dep't of Just. v. Reps. Comm. for Freedom of Press*, 489 U.S. 749, 772 (1989) (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 372 (1976)).

3.      However, Defendant CBP has continually disregarded its FOIA obligations to avoid public scrutiny. The agency has ignored FOIA's timing requirements and failed to provide requested documents "promptly," as the law demands.

4.      NC Local filed FOIA requests ("NC Local's FOIA Requests") to CBP seeking a discrete and limited set of records related to CBP operations in North Carolina from November 15, 2025 through December 15, 2025.

5.      Defendants have failed to meet their statutory obligations to provide substantive responses to NC Local's FOIA Requests.  Defendants have not produced any records responsive to any of NC Local's FOIA Requests.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

7.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

8.      Plaintiff NC Local is a nonpartisan, nonprofit news organization helping North Carolina residents understand how statewide issues and government decisions affect their communities.  To achieve its mission, NC Local reports on issues impacting North Carolinians through articles, newsletters, social media, and events and collaborates with other newsrooms to provide resources and community for journalists.  NC Local also hosts events and listening

sessions to connect with North Carolinians and find out which issues they care about and how to best reach them.

9.     Defendants DHS and CBP are agencies of the executive branch of the United States federal government headquartered in Washington, D.C., and agencies of the government within the meaning of 5 U.S.C. § 552(f)(1).  CBP has possession, custody, and control of the records that Plaintiff seeks.

## STATEMENT OF FACTS

10.     In November 2025, CBP made over 400 arrests in North Carolina in connection with an operation called Operation Charlotte's Web.

11.     According to a DHS press release, Operation Charlotte's Web aimed to "target criminal illegal aliens" and "ensure [that] public safety threats are removed" from North Carolina streets.[1]

12.     To date, nothing is known about the vast majority of arrestees.

13.     Relevant records are under CBP's control, and NC Local has properly requested their release through two FOIA requests.

14.     On November 18, 2025, NC Local reporter Jacob Biba submitted a FOIA request to CBP seeking "reports or other records and documents related to individuals arrested or detained in North Carolina by Border Patrol beginning Nov[ember] 15[,] including the date, location[,] and current status of each arrest or detention."  On November 19, 2025, CBP acknowledged receipt of NC Local's request.  A true and correct copy of this request is attached

---

[1] Dep't of Homeland Security, *DHS Launches Operation Charlotte's Web to Target Criminal Illegal Aliens Terrorizing Americans in Charlotte, North Carolina*, https://www.dhs.gov/news/2025/11/15/dhs-launches-operation-charlottes-web-target-criminal-illegal-aliens-terrorizing (Nov. 15, 2025).

as Exhibit A, and a true and correct copy of CBP's response is attached as Exhibit B.  CBP has not provided a substantive response to this FOIA request and has not produced any requested records.

15.    On December 12, 2025, Biba submitted two additional FOIA requests to CBP on behalf of NC Local, seeking "all body-worn camera footage" and "all photographs taken during Operation Charlotte's Web beginning Nov[ember] 15, 2025" through December 15, 2025.  On December 15, 2025, CBP acknowledged receipt of these requests after combining the two requests under one tracking number. A true and correct copy of this request is attached as Exhibit C, and a true and correct copy of CBP's response is attached as Exhibit D.  CBP has not provided a substantive response to this FOIA request and has not produced any requested records.

16.    On March 11, 2026, NC Local followed up with CBP regarding these FOIA requests, which had been pending for approximately five and three months, respectively, and asked CBP to provide a timely response to them.  In that request letter, NC Local detailed how CBP's requests were substantially overdue and explained in detail why its requests merited responses.

17.    CBP has not responded to this letter beyond sending an automated email on March 11, 2026 that it was unable to address FOIA requests "[d]ue to a lapse in funding." A true and correct copy of this letter is attached as Exhibit E, and a true and correct copy of CBP's response is attached as Exhibit F.

18.    As of the date of this Complaint, Defendants have failed to (a) notify NC Local of any determination regarding NC Local's FOIA Requests, including the scope of any responsive records Defendants intend to produce or withhold and the reasons why any records are being

4

withheld; and (b) produce any requested records or demonstrate that the requested records are lawfully exempt from production.

19.     As a result, Defendants have constructively denied NC Local's FOIA requests, and NC Local has thus exhausted administrative remedies.  5 U.S.C. § 552(A)(6)(C).

## COUNT I

### Violation of FOIA for Failure to Respond to Plaintiff's Requests

20.     Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as fully set forth herein.

21.     Defendants' failure to timely provide a substantive response to Plaintiff's FOIA Requests violates 5 U.S.C. § 552(a)(6)(A), and Defendants' regulations, 22 C.F.R. § 171.11(e).

## COUNT II

### Violation of FOIA for Failure to Make Records Available

22.     Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as fully set forth herein.

23.     Defendants' failure to promptly make available the records sought by Plaintiff's FOIA Requests violates 5 U.S.C. § 552(a)(3)(A).  *See also* 22 C.F.R. § 171.11.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to:

(1) Declare that the records sought in Plaintiff's FOIA requests are public records under 5 U.S.C. § 552 and must be disclosed pursuant to law;

(2) Order Defendants to immediately conduct searches to uncover all records responsive to Plaintiff's FOIA requests;

5

(3) Order Defendants to immediately disclose, in their entirety, any and all non-exempt records responsive to Plaintiff's FOIA requests;

(4) Find that the Plaintiff is entitled to waiver of the search, review or duplication fees for processing Plaintiff's FOIA requests;

(5) Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees; and

(6) Grant Plaintiff such other relief as the Court deems just and proper.

Dated: June 8, 2026

Respectfully Submitted,

*/s/ Hassan Ahmad*
Hassan Ahmad (D.C. Bar No. 1030682)
Covington & Burling, LLP
850 10th Street NW
Washington, D.C. 20001
(202) 662-6000
hahmad@cov.com

Jason P. Criss (*pro hac vice* application forthcoming)
Covington & Burling, LLP
30 Hudson Yards
New York, NY 10001-2170
(212) 841-1000
jcriss@cov.com

*Counsel for Plaintiff*

6